STATE OF LOUISIANA * NO. 2023-K-0534

VERSUS * COURT OF APPEAL

COREY MORGAN * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*
* * * * * * *

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I agree with the majority's conclusion that the statements made in the third 911 call were nontestimonial in nature. However, I respectfully disagree with the majority's conclusion that the statements are subject to exclusion under the hearsay rule, and for this reason, I would deny the writ.

The standard of review for a district court's evidentiary rulings, including rulings on the admissibility of hearsay evidence, is abuse of discretion; the district court's ruling will not be disturbed unless it is clearly erroneous. *State in the Interest of K.B.*, 23-0409, pp. 31-32 (La. App. 4 Cir. 9/26/23), --- So.3d ----, ----, 2023 WL 6226289, *14 (citing *State v. Clanton*, 19-0316, p. 8 (La. App. 4 Cir. 11/6/19), 285 So.3d 31, 37). I do not find that the district's ruling allowing the 911 call into evidence was clearly erroneous.

Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C). Hearsay is generally not admissible, subject to certain exceptions. *See* La. C.E. art. 802. Hearsay within hearsay, often referred to as "double hearsay," occurs when a statement contains two layers of out-of-court statements that are offered for the truth of the matter asserted. Hearsay within hearsay is admissible only if each part of the combined statement conforms with an

1

exception to the hearsay rule. La. C.E. art. 805; *State v. Mullins*, 14-2260, p. 11 (La. 1/27/16), 188 So.3d 164, 172.

The 911 call at issue contains two hearsay components – (1) Ms. Yvette's[1] statement to the 911 caller and (2) the 911 caller's statement to the 911 operator. The majority does not dispute the district court's finding that the first component, *i.e.*, Ms. Yvette's statement to the 911 caller, was exempt from the hearsay rule; nor does the relator-defendant contest this conclusion. The majority opinion focuses on the district court's conclusion that the 911 caller's statement was exempt from the hearsay rule.

Article 803 of the Louisiana Code of Evidence provides exceptions to the general rule against hearsay, regardless of the declarant's availability. Among these exceptions are present sense impressions and excited utterances. Although these two exceptions are similar and their elements overlap considerably, one difference between the exceptions concerns the necessity of a startling event.

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." La. C.E. art. 803(2). For the excited utterance exception to the hearsay rule to apply, there must have been an event sufficiently startling to render the declarant's normal reflective thought process inoperative, and the statement must have been a spontaneous reaction to the event and not the result of reflective thought. *State v. Bernard*, 14-0580, p. 20 (La. App. 4 Cir. 6/3/15), 171 So.3d 1063, 1077 (citing *State v. Henderson*, 362 So.2d 1358, 1362 (La. 1978)); *see also* 19 Frank L. Maraist, *Louisiana Civil Law Treatise: Evidence and Proof,* § 10.14 (2d ed.) (hereinafter "*Maraist*").

---

[1] Ms. Yvette, who was the sister of the victim and mother of the defendant, witnessed the shooting.

A startling event is not required for the present sense impression exception to apply. *Maraist*, § 10.13 (citing *McCormick on Evidence*, §§ 271, 272 (6th ed. 2006) (hereinafter "*McCormick*")). A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." La. C.E. art. 803(1). The key to this exception is the contemporaneous nature of the statement, which does not allow opportunity for fabrication. *Maraist*, § 10.13 (citing *McCormick*, § 271). Webster's New World College Dictionary defines "perceive" as: "1 to grasp mentally; take note (of); observe 2 to become aware (of) through one of the senses, esp. through sight." Webster's New World College Dictionary 1082 (5th ed. 2016).

The majority finds that the statement made by the 911 caller was not a present sense impression because "the 911 caller did not perceive or witness the events as they occurred." I respectfully disagree with this conclusion.

The majority opinion fails to take into account the fact that the 911 caller perceived the shooting by hearing the gunfire outside her apartment and perceived events immediately after the shooting by arriving at the scene, briefly speaking with Ms. Yvette, and immediately calling 911. I find that the elements of the present sense impression are clearly satisfied for the following reasons:

First, the case *sub judice* is analogous to *State v. Scott*, 18-0438 (La. App. 1 Cir. 2/28/19), 2019 WL 968054, where the court allowed the admission of a 911 call pursuant to the present sense impression exception to the hearsay rule. In *Scott,* the 911 caller reported what the victims told him; he was present on the scene but did not witness the shooting. In admitting the 911 call, the district court found that the phone call consisted of the caller's present sense impression, stating "it was a statement describing and explaining the event, or condition, while the declarant was perceiving the event, or condition." *Scott*, 18-0438, p. 11, 2019 WL 968054, *5. Affirming the district court's ruling, the appellate court agreed that the 911 call

3

"constituted a present sense impression and also contained excited utterances. As [the caller] made the 911 call reporting the shooting . . . , he was describing the shooting incident as it occurred or immediately thereafter." *Id.* (internal citation omitted).

Second, a present sense impression analysis can also consider the conversation between the 911 caller and Ms. Yvette as an "event" for further support as to the trustworthiness of the statements. Numerous cases have held that a completed conversation constitutes an "event" under the present sense impression exception contained in the Federal Rules of Evidence[2] and that those statements describing a conversation made immediately after the conversation fall within this exception.[3] Here, the 911 caller relayed the contents of Ms. Yvette's statements to the 911 operator immediately after Ms. Yvette's statements. Therefore, I find the 911 caller's statement to the operator constitutes a present sense impression under this type of analysis.

The majority cites *State v. Falkins*, 12-1654 (La. App. 4 Cir. 7/23/14), 146 So.3d 838, in support of its finding that the statements made on the 911 call do not fall under the excited utterance exception. In *Falkins*, the operator from an apartment's security company made a call for police assistance after a panicked female called requesting that security be sent to her apartment. The security operator informed the 911 operator that she had to make the call for police assistance because she could not locate the security team on the apartment grounds. 12-1654, pp. 3-4, 146 So.3d at 843. This Court noted that "there [was] nothing in the recording to indicate that [the security worker], herself, could hear what was

---

[2] Federal Rule of Evidence 803(1) provides a hearsay exception for "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."

[3] *See United States v. Portsmouth Paving Corp.,* 694 F.2d 312, 323 (4th Cir. 1982); *Phoenix Mut. Life Ins. Co. v. Adams,* 30 F.3d 554, 567 (4th Cir. 1994); *United States v. Perkins*, 187 F.3d 639 (6th Cir. 1999); *Zimmerman v. Univ. of Utah*, No. 2:13-CV-1131, 2018 WL 10152217, at *5 (D. Utah Aug. 8, 2018).

4

going on at the apartment, was startled, or was under the stress of an excited event." *Falkins*, 12-1654, p. 18, 146 So.3d at 850.

The *Falkins* Court did not address the present sense impression exception. Therefore, *Falkins* has no bearing on the application of the present sense impression in this case.

Moreover, under an excited utterance analysis, *Falkins* is distinguishable from the case *sub judice*. Here, the 911 caller was a neighbor, who heard the gunfire outside her apartment and was under the stress of excitement caused by the shooting when she called 911.

The district court judge was not clearly erroneous in finding that the 911 call was admissible under a present sense impression and excited utterance analysis as explained in the court's reasons:

> It is clear in the 911 recordings that there was an ongoing emergency situation. The 911 recordings at issue are nontestimonial and consistent with the callers' present sense impressions. Additionally, they contain excited utterances. The recordings consist of statements describing and explaining the event while the declarants were perceiving the event. The callers, particularly, the caller in 911 recording part 3 described the shooting incident as it occurred or immediately thereafter. The statements by the caller in 911 recording part 3, and by other persons on the scene to the caller in 911 recording part 3, were made while still under the impression and stress of the event. Based on Louisiana law, the hearsay and hearsay within hearsay statements contained in the 911 recordings are not excluded by the hearsay rule.

For these reasons, I find that the district court did not abuse its discretion in admitting the third 911 call and therefore, would deny the writ.